**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RICHARD TEAGUE, on behalf of himself individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>AGC AMERICA, INC.,<br><br>        Defendant. | Civil Action No. 1:24-cv-00823-VMC |

**JOINT MOTION TO STAY CASE DEADLINES PENDING MEDIATION**

Plaintiff Richard Teague ("Plaintiff"), individually and on behalf of all others similarly situated, and Defendant AGC America, Inc. ("Defendant") (collectively with Plaintiff, the "Parties") have agreed to engage in mediation in an effort to resolve this matter. Therefore, the Parties jointly move to stay all case deadlines for a period of ninety (90) days pending mediation. In support of this motion, the Parties state as follows:

1.    On March 8, 2024, Plaintiff filed his First Amended Class Action Complaint against Defendant. [Doc. 4.]

2.    On May 3, 2024, Defendant filed its Motion to Dismiss Plaintiff's First Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 12.]

3.    On June 17, 2024, Plaintiff filed his Opposition to Defendant's Motion to Dismiss. [Doc. 23.]

4.    On July 21, 2024, Defendant filed its Reply in Further Support of its Motion to Dismiss. [Doc. 26.]

5.    On January 6, 2025, the Court granted in part and denied in part Defendant's Motion to Dismiss. Specifically, the Court: (1) dismissed Plaintiff's breach of implied covenant of good faith and fair dealing claim with prejudice; (2) dismissed Plaintiff's breach of implied contract and unjust enrichment claims with leave to amend his breach of implied contract claim only; and (3) denied dismissal of Plaintiff's negligence, negligence *per se*, and recovery of expenses of litigation (under O.C.G.A. § 13-6-11) claims. The Court also granted Plaintiff leave to file a Second Amended Complaint within fourteen (14) days of the date of entry of the Order.[1] [Doc. 29 at 22-23.]

6.    On February 11, 2025, Defendant filed its Answer to Plaintiff's First Amended Complaint. [Doc. 32.]

7.    On or around July 3, 2025, Plaintiff served his First Set of Requests for Production of Documents and First Set of Interrogatories. Additionally, on or around

---

[1] Plaintiff did not file a Second Amended Complaint. Therefore, Plaintiff's First Amended Complaint remains the operative Complaint.

July 25, 2025, Plaintiff served, and Defendant responded to, Plaintiff's Informal Discovery Requests pursuant to Federal Rule of Evidence 408.

8.      Since then, the Parties have engaged in good-faith discussions regarding the possibility of resolving this matter through mediation.

9.      At this time, the Parties agree that a stay of all case deadlines for a period of ninety (90) days will allow the Parties to focus their efforts on the mediation process without the distraction and expense of ongoing litigation.

10.     The Parties further propose to file a joint notice of settlement or joint status report to update the Court on the status of the mediation following the end of the stay period.

11.     The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.") (citations omitted).

**WHEREFORE**, the Parties jointly and respectfully request that this action be stayed for ninety (90) days while the Parties engage in mediation to resolve this matter. For the Court's convenience, a proposed Order is submitted herewith.

Respectfully submitted this 18th day of September 2025.

| | |
|---|---|
| **GIBSON CONSUMER LAW GROUP, LLC** | **BAKER & HOSTETLER LLP** |
| */s/ MaryBeth V. Gibson**<br>MaryBeth V. Gibson<br>Georgia Bar No. 725843<br>4279 Roswell Road<br>Suite 208-108<br>Atlanta, Georgia<br>Telephone: (678)642-2504<br>marybeth@gibsonconsumerlawgroup.com | */s/ Olivia S. Williams*<br>Olivia S. Williams<br>Georgia Bar No. 804380<br>1170 Peachtree Street NE, Suite 2400<br>Atlanta, Georgia 30309-7676<br>Telephone: (404) 459-0050<br>Facsimile: (404) 459-5734<br>owilliams@bakerlaw.com |
| **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>John J. Nelson*<br>280 S Beverly Drive<br>Beverly Hills, California 90212<br>Telephone: (858)209-6941<br>jnelson@milberg.com | Lisa A. Houssiere<br>811 Main Street, Suite 1100<br>Houston, Texas 77002<br>Telephone: (713) 751-1600<br>Facsimile: (713) 751-1717<br>lhoussiere@bakerlaw.com<br>*admitted pro hac vice* |
| *Attorneys for Plaintiff and Proposed Class* | *Attorneys for Defendant* |
| ***Signed with express permission*<br>*Admitted Pro Hac Vice* | |

4

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with

Times New Roman 14-point font in accordance with Local Rule 5.1(C).

This 18th day of September, 2025.

*/s/ Olivia S. Williams*
Olivia S. Williams
Georgia Bar No. 804380

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing **JOINT MOTION TO STAY CASE DEADLINES PENDING MEDIATION** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This 18th day of September, 2025.

/s/ Olivia S. Williams
Olivia S. Williams
Georgia Bar No. 804380