**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RICHARD TEAGUE, individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br><br>AGC AMERICA, INC.,<br>Defendant. | Case No. 1:24-CV-00823-VMC |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (Doc. 48) and Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (Doc. 47) (collectively, the "Motions"). The Court has reviewed the Motions and the Settlement Agreement ("Settlement Agreement") entered into between Plaintiff Richard Teague, (hereinafter "Plaintiff" or "Class Representative"), on behalf of himself and on behalf of the Settlement Class and Defendant AGC America, Inc. ("AGC" or "Defendant"), and it finds that the Motions should be **GRANTED.**

Having already analyzed the Settlement in entering the Preliminary Approval Order (ECF 46) and having again carefully reviewed the Motion for Final Approval, the proposed Settlement and its exhibits, all relevant filings, the record, and argument from the Parties' counsel, the Court finds the Settlement Class should be finally certified, the Settlement satisfies the final approval criteria, and the Motion for Attorneys' Fees, Expenses and Service Award should be granted. Accordingly, it is **ORDERED, ADJUDGED, AND DECREED**:

1. The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement and Preliminary Approval Order. [1]

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the

[1] All capitalized terms used herein have the same meanings as those defined in the Settlement Agreement. ECF 45-3.

Settlement as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length, and without collusion.

3. The Court approves the Release provided in Section XIII of the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties. The Court bars and enjoins the Releasing Parties from asserting any of the Released Claims during the pendency of any appeal from this Final Approval Order and Judgment.

4. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

5. Settlement Class Representatives, Class Counsel, Defendant, the Settlement Administrator, and Settlement Class Members shall consummate the Settlement according to the terms of the Settlement Agreement. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement.

## **OBJECTIONS AND OPT-OUTS**

6. No Settlement Class Members have Objected to the Settlement.

7. All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

8. A list of those Settlement Class Members who have timely and validly elected to opt out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of Simpluris, filed in advance of the Final Approval Hearing. That list is attached as **Exhibit A** to this Final Approval Order. The persons listed in **Exhibit A** are not bound by the Settlement or this Final Approval Order and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in **Exhibit A** shall be deemed not to be Released Parties.

## CLASS CERTIFICATION

9. For purposes of the Settlement and this Final Approval Order, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> all living individuals residing in the United States who were sent a notice of the Incident indicating their Private Information may have been impacted in the Incident. Excluded from the Settlement Class are: all persons who are directors of Defendant, or its respective subsidiaries and affiliated companies, and any entity in which Defendant has a controlling interest; governmental entities; the Judge assigned to the Action, that Judge's immediate family, and Court staff; all individuals who timely opt-out of the Settlement; and any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident, or who pleads *nolo contendere* to any such charge.

10. The Court determines that for settlement purposes only, the proposed Settlement Class meets all the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) and should be finally certified. The Court finds that the Settlement

Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes: (a) the Settlement Class is sufficiently numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the Settlement Class, (c) the Settlement Class Representative has standing in this action and his claims are typical of those of the Settlement Class, and (d) the Settlement Class Representative fairly and adequately protects the interests of the Settlement Class. The Court further finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes; that common questions of law and fact predominate over questions affecting individual members, and a class action is a superior method for fairly and efficiently adjudicating the claims of the Settlement Class Representatives and class members. *See generally In re Equifax Customer Data Sec. Breach Litig*., 2020 WL 256132, at *11-14 (N.D. Ga. Mar. 17, 2020) (Thrash, J.) (finding proposed data breach settlement class met requirements of Rule 23(a) and (b)(3)); *see also* S*hiyang Huang v. Equifax Inc. (In re Equifax Customer Data Sec. Breach Litig*.), 999 F.3d 1247, 1277 (11th Cir. 2021) (holding "[t]he District Court therefore did not abuse its discretion in certifying the class action").

11. The Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiff's and the Class's likelihood of success both of maintaining this action as a

class action and of prevailing on the claims at trial, including the possibility that AGC could prevail on one or more of its defenses; having considered the range of the Plaintiff's possible recovery (and that of the Class) and the complexity, expense, and duration of the Action; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that the Settlement meets the requirements for final approval of Federal Rule of Civil Procedure 23(e) as follows:

a. Plaintiff and Class Counsel have adequately represented the proposed Class;

b. the terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiff and Defendant, and the Parties have in good faith determined the Settlement Agreement is in their respective best interests (including Plaintiff and Class Counsel determining that it is in the best interest of the Class Members);

c. the relief provided for the Class is adequate, taking into account, among other reasons, the outcome of the Action was in doubt when the Settlement was reached and the risk that the proposed Class could have received less or recovered nothing and/or that AGC could have defeated class certification; the value of immediate recovery outweighs the possibility of future relief; the aggregate consideration for the Class—including the

Settlement Fund—is commensurate with the claims asserted and being released as part of the Settlement; the proposed Settlement contains an effective method of distributing relief to the Class and processing class-member claims; the terms of the attorneys' fees are fair and reasonable; and there are no terms required to be identified under Rule 23(e)(3); and

d. the terms of the Settlement Agreement treat the Class Members equitably relative to each other; and

e. in sum, the Settlement falls within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Action.

Further, for the same reasons, the Court finds that the factors in *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984) all weigh in favor of approving the Settlement. Therefore, pursuant to Rule 23(e) and the *Bennett* factors, the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

12. For settlement purposes only, the Court grants Final Approval to its appointment of Plaintiff Richard Teague Class Representative. The Court finds for settlement purposes that the Class Representative is similarly situated to absent Class Members, is typical of the Class, and is an adequate Class Representative, and that Class Counsel and the Class Representative have fairly and adequately represented the Class.

13. For settlement purposes, the Court grants final approval to its appointment of Class Counsel as provided in the Preliminary Approval Order. The Court finds proposed Class Counsel have expended a reasonable amount of time, effort, and expense investigating the Incident and in leading this action to resolution. Further, it is clear from their track record of success, as outlined in their resumes, that Class Counsel are highly skilled and knowledgeable concerning class action practice. Therefore, for purposes of the Settlement only, and pursuant to Rule 23(g)(1), the Court appoints MaryBeth Gibson and John Nelson as Class Counsel to act on behalf of the Settlement Class with respect to the Settlement. They are experienced and competent counsel and will adequately protect the interests of the Settlement Class.

## NOTICE TO THE SETTLEMENT CLASS

14. On March 17, 2026, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (ECF 46) ("Preliminary Approval Order") that

preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Settlement Agreement and Plaintiffs' Motion for Attorneys' Fees, Expenses and Service Award. The Court's Preliminary Approval Order approved the Postcard Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices (the "Notice Plan"), as proposed, met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

15. The form, content, and method of dissemination of the Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as effectuated, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, their right to exclude themselves, their right to object to the Settlement and appear at the Final Approval Hearing, and of these proceedings. The Notice Program fully satisfied the requirements of Federal Rule of Civil Procedure 23, constitutional due process, and any other legal requirements.

16. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.

17. The CAFA Notice provided by Defendant met all requirements of the Act.

**AWARD OF ATTORNEYS' FEES AND SERVICE AWARD**

18. The Court grants Plaintiffs' Motion for Attorneys' Fees, Expenses and Service Awards. ECF 47. The Court awards Class Counsel $198,980.10 in attorneys' fees, which is inclusive of reasonable litigation expenses in the amount of $10,629.60, as well as a Service Award of $2,500.00 to the Class Representative to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement is fair and reasonable.

19. The Court finds that the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) are satisfied. The *Johnson* factors considered by the Court include: (1) the results obtained and fees in similar cases; (2) the novelty and difficulty of the questions involved; (3) the preclusion of other employment due to the acceptance of the case; (4) whether the fee is fixed or contingent; (5) the experience, reputation, and ability of the attorneys; and (6) the time and labor required. *In re S. Co. S'holder Derivative Litig.*, 2022 WL 4545614, at *10 (N.D. Ga. June 9, 2022) (citing *Johnson*, 488 F.2d at 717-19). "Other relevant factors include the number of objections from class members, the risks undertaken by class counsel, and the economics of handling class actions." *Equifax*, 2020 WL 256132, at *32. Recognizing that every factor need not necessarily be considered,

the Court has reviewed each of the *Johnson* factors listed and finds that Plaintiff has satisfied each factor which further supports the reasonableness of Class Counsel's fee and expense request.

20. The Court also considered the number of objectors. There were no objections to the Settlement out of a class of approximately twenty thousand Class Members. This fact supports the reasonableness of the requested fee and expense award. *In re Home Depot, Inc., Customer Data Security Breach Litigation*, 2016 WL 6902351, at *4 (N.D. Ga. August 23, 2016) (objections from an "infinitesimal percentage" of the class "indicates strong support" for the settlement).

21. The Court also considered the risks undertaken by Class Counsel in pursing the litigation and finds that Class Counsel undertook substantial risks in pursuing this case and invested substantial time and effort litigation the action, which also supports the reasonableness of the requested fee and expense award. *See In re Equifax*, 2020 WL 256132, at *35.

22. Class Counsel litigation expenses, comprised of actual out-of-pocket expenses that Class Counsel reasonably and necessarily incurred and paid in connection with the prosecution of the Action and the Settlement, are reasonable. Class Counsel incurred $10,629.60, in expenses in furtherance of litigating this Action. These expenses were reasonably and necessarily incurred to advance the litigation and are the categories of expenses routinely charged to paying clients in

the marketplace. Expenses incurred in furtherance of the claims of a class are properly recovered by counsel. *Dowdell v. Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983) ("all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement" may be recovered); *Mahoney v. TT of Pine Ridge, Inc.*, 2017 WL 9472860, at *12 (S.D. Fla. Nov. 20, 2017) (awarding expenses for the "mediation fee, ... expert witness fee, and ... filing and travel"). The Court finds the amount of fees and expenses to be fair and reasonable.

23. A Service Award in the amount of $2,500.00 is to be paid to the ten Class Representative for his participation in this Action. "[I]ncentive awards are appropriate. The Court finds the amount of service awards to be fair and reasonable to recognize the efforts of the representative plaintiffs to obtain recovery for the class." *In re Domestic Air Transp.*, 148 F.R.D. at 358. Courts in the Eleventh Circuit continue to find service awards are permitted for common law claims in diversity cases. *See, e.g.*, *Cain et al. v. CGM, LLC*, Case No. 1:23-cv-02604-SEG at ECF No. 80 (N.D. Ga. Mar. 10, 2025) (Geraghty, J.) (awarding a total of $11,500 in service awards to seven class representatives); *Baker et al. v. ParkMobile, LLC*, Case No. 1:21-cv-02182-SCJ at ECF No. 300 (N.D. Ga. May 6, 2025) (awarding a total of $35,000 in service awards to seven class representative) (Jones, S.); *Tims v. LGE Cmty. Credit Union*, 2023 WL 11915734 (N.D. Ga. Nov. 29, 2023) (Thrash, J.) ("As this Court, and other courts in the Eleventh Circuit have explained, state law governs

the issue of Service Awards in diversity actions.") (awarding $10,000 service award); *Dusko v. Delta Airlines, Inc.*, Case No. 1:20-cv01664-ELR, ECF No. 110 at 25 (N.D. Ga. Oct. 5, 2023) ("Georgia law permits providing Service Awards to class representatives."). The services provided by the Class Representative warrants the limited financial recognition sought. Indeed, the action has lasted over two years. Simply put, the Class Representative was instrumental in achieving a Settlement benefiting the entire class. But for his efforts, other Class Members would be receiving nothing. The Court therefore finds that the Service Award is deserved and is approved for payment.

24. This award of attorneys' fees and expenses and service awards is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

**OTHER PROVISIONS**

25. As set forth in Section X of the Settlement Agreement, The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement. For purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement for the purpose of enforcing the terms of this Agreement. The Court retains exclusive jurisdiction over any determination of whether any subsequent suit is released by the Settlement Agreement.

26. Settlement Class Members are not precluded from addressing,

contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

27. The Court adjudges that the Class Representative and all Settlement Class Members are bound by this Final Approval Order and Judgment.

28. Because the Court approves the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Agreement, including the payment of Valid Claims, and Attorneys' Fees and Expenses, and the Settlement Administration costs.

29. Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

30. As of the Effective Date, the Releasing Parties hereby fully and irrevocably release and forever discharge the Released Parties of and from the Released Claims. Upon the entry of this Final Approval Order and Judgment, with the exception of Class Counsel, Defendant's Counsel, Defendant, and the Class Representative's implementation of the Settlement and the approval process in this Litigation, all Settlement Class Members shall be enjoined and barred from asserting any claims or continuing any litigation against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims.

31. In the event there are funds remaining in the Settlement Fund 20 days

following Distribution of Class Member Benefits, *pro rata* cash payments will be subject to a *pro rata* increase from the Net Settlement Fund. This *pro rata* increase to cash payments will be made on an equal percentage basis.

32. The Court hereby decrees that neither the Agreement, nor this Final Approval Order and Judgment, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against Defendant or the other Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

33. In the event the Effective Date of the Settlement Agreement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Judgment shall be vacated. In such event, all orders entered and releases delivered in connection with the

Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Settlement Agreement.

34. There being no just reason for delay, the Clerk of Court is hereby directed to enter final Judgment forthwith pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED, this 21st day of July 2026.

Hon. Victoria M. Calvert
United States District Court Judge

# EXHIBIT A

**EXCLUSION LIST**

1. Betty Hufstetler